## A. B. KNIGHT v. HAWKEYE LOAN & BROKERAGE COMPANY, Appellant.

**Taxation:** SALE OF LAND: PAYMENT.   A sale of land for taxes
1    constitutes a payment of the tax, and a showing that it was
otherwise paid by the plaintiff in an action to set aside the
tax deed is not necessary.

**Proof of Title.**   The introduction of the records of the recorder's
2    office as exhibited by an abstract of title showing a chain from
the government is sufficient in the absence of an objection
upon the trial to maintain an action to set aside a tax deed.

**Scandalous Argument:** POWER TO STRIKE.   Power to strike out a
3    scandalous argument will not, except in an extreme case, be
exercised so as to defeat justice.

*Appeal from Linn District Court.*—HON. WM. G. THOMP-
SON, Judge.

MONDAY, JUNE 1, 1903.

ACTION to set aside a tax deed on the ground that
there had been no valid tax sale, and that redemption
notice had not been given.   Decree for plaintiff.   Defend-
ant appeals.—*Affirmed.*

*William G. Clark* for appellant.

*Preston & Moffit* and *J. M. Thompson* for appellee.

PER CURIAM.—The appeal is triable *de novo*, but
errors are also assigned in overruling a motion for a con-
tinuance, and in overruling a demurrer to plaintiff's
petition.   As to the continuance, which was asked for the
purpose of securing the attendance of a witness, it was
properly denied, for the reason that no sufficient showing of
diligence was made.   The demurrer was general, and was

perhaps, sufficient to raise the objection argued, that plain-

**1.** TAXES: sale land: payment tiff did not allege that the taxes on the prop-
erty had been paid, as required by Code,
section 1445. But after it was overruled the defendant
answered and proceeded to trial, and on the trial it ap-
peared that the only taxes unpaid were those for which
the sale in controversy was made. This tax had been paid
by the sale, and it was not incumbent on plaintiff to show
that it had been paid by him.

It is further contended that planitiff on the trial did
not establish a fee simple title in himself, but he did an-
nounce the introduction in evidence of the records in the

**2.** PROOF of title. recorder's office, as shown by an abstract
of title, indicating a chain of title from
the government down to the plaintiff. No objection
being made to the introduction or sufficiency of this
evidence, and the question not being subsequently
raised in any way during the trial that plaintiff's showing
of title was not sufficient, we think defendant cannot now
complain. To reverse the decree on this ground would be
practically to defeat appellee on a point not presented in
any way to the trial court.

On the merits of the case, it is contended by counsel
for appellant, who did not represent him on the trial in
the lower court, that the evidence did not justify the find-
ing of the trial judge that the redemption notice was
never served upon plaintiff. This is exclusively a question
of fact, depending upon the weight to be given to the
testimony of the different witnesses, among whom there
was an irreconcilable conflict as to what took place at the
time when it is claimed for defendant that the notice was
served. We are satisfied that the evidence was sufficient
to show that the notice was not served, notwithstanding
the affidavit of service, and the testimony of witnesses as
to the fact that such service was made. The finding of

the trial court on this point is in accordance with the weight of the evidence.

A motion to strike portions of the argument of counsel for appellee, on the ground that it is "abusive, unprovoked, unfounded, and impertinent," is submitted with the case. The portion of the argument complained of certainly has been of no possible benefit or advantage to the appellee, and it is to be regretted that counsel have indulged in insinuations with reference to an attorney of this court for which there is no foundation whatever in the record. We do not feel justified in striking out the entire argument, for that would be an injury to the party himself, and might tend to the defeat of justice. This court must use some discretion as to how far a wrong result should be made possible through the indiscretion of an attorney. We do not feel warranted in visiting such a penalty upon the party in this case. There would be no possible advantage to appellant in striking out the language complained of, for the wrong, if any, has worked no injury to him. While we have the undoubted power to strike out a scandalous argument, we must exercise discretion in using it, and, save in an extreme case, would not feel inclined to use it in such a way as to defeat ultimate justice. We see no necessity for taking further notice of this motion.

The decree of the trial court is AFFIRMED.

*3. SCANDALOUS argument: power to strike.*